UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAPEYRE STAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STRUCTURAL WORKS, INC. and THE HANOVER INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br> (with Jury Demand) |

Plaintiff Lapeyre Stair, Inc. ("Lapeyre"), by its attorneys, Greenbaum, Rowe, Smith & Davis LLP, for its Complaint against defendants United Structural Works, Inc. ("USW") and The Hanover Insurance Company ("Hanover"), alleges as follows:

### THE PARTIES

1. Plaintiff Lapeyre is a Louisiana corporation having its principal office at 5117 Toler Street, Harahan, Louisiana.

2. Upon information and belief, defendant USW is a New York corporation having its principal office at 45 Hemlock Drive, Congers, New York.

3. Upon information and belief, defendant Hanover is a New Hampshire corporation having its principal office at 440 Lincoln Street, Worcester, Massachusetts.

4. Upon information and belief, Hanover is engaged in the business of, amongst other things, issuing construction surety

4882177.2

bonds, including but not limited to bonds that discharge mechanic's liens.

5. Upon information and belief, Hanover is authorized to conduct business in the State of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

8. Venue for this action is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's claims against defendants occurred in this District.

## FACTUAL ALLEGATIONS

**A.   Background.**

9. Lapeyre designs, fabricates and sells stair systems, including but not limited to steel stairs, alternating tread stairs and related railing and landing components.

10. Lapeyre's stair systems are used in a wide range of construction projects, including commercial, industrial, institutional and residential buildings.

11. In or about January 2016, USW contacted Lapeyre for the first time to inquire about Lapeyre providing stair systems on projects in New York County, New York on which USW was serving as the general contractor.

12. During the balance of 2016, USW submitted separate purchase orders to Lapeyre in connection with three (3) such projects in New York County.

**B.   The 390 Madison Avenue Project.**

13. On February 26, 2016, USW submitted Purchase Order No. 5232 to Lapeyre in connection with a project in the building located at 390 Madison Avenue, New York, New York (the "390 Madison Project").

14. Purchase Order No. 5232 provided for $320,000 worth of materials and work (with an additional $26,800 in tax).

15. After a series of changes to and deletions from Purchase Order No. 5232, Lapeyre provided the requested stairs and related assemblies to USW for the 390 Madison Project.

16. Lapeyre ultimately invoiced USW $186,113.50 for its work and materials in connection with the 390 Madison Project.

17. USW paid Lapeyre $136,971.08, leaving a balance due and owing to Lapeyre of $49,142.42 for the 390 Madison Project.

18. Lapeyre has demanded that USW pay the balance due and owing on the 390 Madison Project, but USW has failed and refused to do so.

C. **The Hudson Yards Project.**

19. On March 23, 2016, USW submitted Purchase Order No. 5347 to Lapeyre in connection with USW's work at the Hudson Yards project in New York, New York (the "Hudson Yards Project").

20. Purchase Order No. 5347 provided for $325,000 worth of materials and work.

21. After a series of changes to and deletions from Purchase Order No. 5347, Lapeyre provided the requested stairs and related assemblies to USW for the Hudson Yards Project.

22. USW paid Lapeyre $65,534, leaving a balance due and owing to Lapeyre of not less than $137,162.98 on the Hudson Yards Project.

23. Lapeyre has demanded that USW pay the balance due and owing on the Hudson Yards Project, but USW has failed and refused to do so.

D. **Barnard College Project.**

24. On December 16, 2016, USW submitted Purchase Order No. 6830 to Lapeyre in connection with USW's work on a project at Barnard College in New York, New York (the "Barnard College Project").

25. Purchase Order No. 6830 provided for $225,000 worth of materials and work.

26. After a series of changes to and deletions from Purchase Order No. 6830, Lapeyre provided the requested stairs and related assemblies to USW for the Barnard College Project.

27. Notwithstanding Lapeyre having invoiced USW for $178,888.71, USW has failed to remit a single payment to Lapeyre for the materials that Lapeyre provided to USW in connection with the Barnard College Project.

28. Lapeyre has demanded that USW pay the balance due and owing on the Barnard College Project, but USW has failed and refused to do so.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

29. Lapeyre repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Lapeyre and USW entered into purchase orders, to wit, Purchase Order Nos. 5232, 5347 and 6830, as modified by certain change orders and other amendments and/or deletions, in connection with Lapeyre's provision of stairs and other related materials to USW for use at the 390 Madison Project, Hudson Yards Project and Barnard College Project.

31. Lapeyre fabricated and delivered the stairs and materials to USW, which proceeded to use same in the above projects.

32. USW has outstanding, unpaid invoices totaling not less than $365,194.11 owed to Lapeyre, plus interest and other charges.

33. Lapeyre has demanded that USW pay these past due amounts, but USW has failed and refused to do so.

34. All conditions to the payment of the above past due amounts have been satisfied or have been excused by USW's wrongful or arbitrary acts or omissions.

35. The failure of USW to make the demanded payments constitutes material breaches of its contracts with Lapeyre.

36. As a direct and proximate result of USW's breaches of contracts, Lapeyre has suffered and continues to suffer damages in an amount to be determined.

### SECOND CLAIM FOR RELIEF
### (Account Stated)

37. Lapeyre repeats and realleges each and every allegation set forth in the First Claim for Relief of the Complaint as if fully set forth herein.

38. Heretofore, Lapeyre submitted to USW copies of the invoices and periodic statements of the account, many of which were retained without objection, thus creating an account stated.

39. Lapeyre has made demand upon USW to pay these past due amounts, but USW has failed and refused to do so.

40. By reason of the foregoing, Lapeyre has suffered and continues to suffer damages in an amount to be determined, together with interest thereon.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

41. Lapeyre repeats and realleges each and every allegation set forth in the First and Second Claims for Relief of the Complaint as if fully set forth herein.

42. USW received a benefit in the form of the services rendered by Lapeyre at the 390 Madison Project, Hudson Yards Project and Barnard College Project.

43. Lapeyre had a reasonable expectation of remuneration when it performed services at those projects.

44. USW's failure to remunerate Lapeyre has resulted in USW's unjust enrichment, and USW's retention of the benefit conferred by Lapeyre would be unjust.

### FOURTH CLAIM FOR RELIEF
### (Quantum Meruit)

45. Lapeyre repeats and realleges each and every allegation contained in the First through Third Claims for Relief of the Complaint as if fully set forth herein.

46. Lapeyre seeks recovery from USW for the reasonable value of the goods and materials fabricated by Lapeyre and delivered by Lapeyre to USW, upon USW's promise that it would pay a reasonable price for same.

47. Lapeyre has made demand upon USW to make payment, but USW has failed and refused to do so.

48. As a direct and proximate result of the foregoing, Lapeyre has suffered and continues to suffer damages in an amount to be determined.

## FIFTH CLAIM FOR RELIEF
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

49. Lapeyre repeats and realleges each and every allegation contained in the First through Fourth Claims for Relief of the Complaint as if fully set forth herein.

50. The purchase orders for the 390 Madison Project, Hudson Yards Project and Barnard College Project contain an implied covenant of good faith and fair dealing, obligating USW to act in good faith and deal fairly in fulfilling its contractual obligations, so as not to injure Lapeyre or deprive Lapeyre of its right to receive the benefits under said purchase orders.

51. USW breached its obligations under Purchase Order Nos. 5232, 5347 and 6830, including but not limited to the implied duty of good faith and fair dealing, by failing to compensate Lapeyre for the work that Lapeyre performed at the 390 Madison Project, Hudson Yards Project and Barnard College Project, despite repeated demands.

52. As a direct and proximate result of the foregoing, Lapeyre has been damaged to an extent not yet fully determined.

4882177.2

## SIXTH CLAIM FOR RELIEF
### (Mechanic's Lien Claim)

53. Lapeyre repeats and realleges each and every allegation contained in the First through Fifth Claims for Relief of the Complaint as if fully set forth herein.

54. On or about July 21, 2017, Lapeyre duly filed a Notice of Mechanic's Lien with the Clerk of the County of New York in the amount of $180,336.00 (the sum of the unpaid invoices and interest accrued as of that date) against the Barnard College Project (the "Mechanic's Lien").

55. Upon information and belief, on or about August 9, 2017, USW filed a surety bond (Bond No. 1049873) issued by Hanover in the amount of $198,369.60 (i.e., 110% of the face amount of the Mechanic's Lien) (the "Bond") with the Clerk of the County of New York pursuant to N.Y. Lien Law § 21(5)(a).

56. Upon information and belief, the Bond released and discharged the Barnard College Project from the Mechanic's Lien.

57. Pursuant to the terms of the Bond, Hanover is obligated to pay, up to the Bond limits, any judgment which may be entered in favor of Lapeyre in this action to enforce the Mechanic's Lien.

4882177.2

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court:

- A. On its First Claim for Relief, award judgment to plaintiff against defendant USW for compensatory damages in an amount to be determined at trial, plus interest thereon;

- B. On its Second Claim for Relief, award judgment to plaintiff against defendant USW for compensatory damages in an amount to be determined at trial, plus interest thereon;

- C. On its Third Claim for Relief, award judgment to plaintiff against defendant USW for compensatory damages in an amount to be determined at trial, plus interest thereon;

- D. On its Fourth Claim for Relief, award judgment to plaintiff against defendant USW for compensatory damages in an amount to be determined at trial, plus interest thereon;

- E. On its Fifth Claim for Relief, award judgment to plaintiff against defendant USW for compensatory damages in an amount to be determined at trial, plus interest thereon;

- F. On its Sixth Claim for Relief, award judgment to plaintiff against defendants USW and Hanover, jointly and severally, for compensatory damages in an amount to be determined at trial, plus interest thereon;

- G. Award plaintiff costs and disbursements of this action; and

- H. Grant plaintiff such other and further relief as this Court deems just and proper.

Dated:     Woodbridge, New Jersey
           January 18, 2018

>                    GREENBAUM, ROWE, SMITH & DAVIS LLP
>                    Attorneys for Plaintiff
>
>                    By:  /s/ Steven Nudelman
>                         STEVEN NUDELMAN
>                         99 Wood Avenue South
>                         Iselin, New Jersey 08830
>                         (732)549-5600
>                         snudelman@greenbaumlaw.com

4882177.2